**Date signed March 11, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Edward Paul Johnson,** | * | **Case No.** | **04-37395PM** |
| | * | **Chapter** | **13** |
| | * | | |
| **Debtor.** | * | | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | * | | |
| **Edward Paul Johnson,** | * | **Dkt. Nos.** | **15, 17, 29-32** |
| | * | | |
| | * | | |
| **Movant,** | * | | |
| vs. | * | | |
| **Choice Home Center, Glenn Ellison and** | * | | |
| **State of Maryland,** | * | | |
| | * | | |
| **Respondents.** | * | | |

## MEMORANDUM OF DECISION

Before the court are the Debtor's six motions addressing the proposed avoidance of liens of Glenn Ellison, Choice Home Center, Inc. and the State of Maryland, said to be owned by the Debtor and his wife, Kim Marie Johnson, as tenants by the entireties. As set forth below, all six motions are denied.

**Background**

Debtor Edward Paul Johnson filed this chapter 13 case on December 6, 2004. He scheduled ownership of two parcels of real property located in Calvert County, Maryland – one located at 4004 5th Street, North Beach, Maryland 20714 ("North Beach property") and the other located at 5050 Turtle Creek Drive, Port Republic, Maryland 20676 ("Port Republic property").

The Debtor's schedules list the Port Republic property at a current market value of $440,000.00 with secured claims totaling $489,582.68. The North Beach property was valued at $220,000.00 with secured claims totaling $157,944.68. By Amended Schedule D filed on December 9, 2004, a judgment lien of Glenn Ellison totaling $2,119.00 was added and a tax lien of Calvert County, Maryland, disappeared. On January 24, 2005, Schedule D was again amended. The first mortgage in favor of Frances French totaling $35,638.00 secured by the Port Republic property was deleted by the most recent amendment. To recapitulate, the values of the parcels and the liens are as follows:

North Beach property:
 *Scheduled Value*          *SDAT Value*
 $220,000.00                $158,970.00 (1/1/05)

 *Liens*
 Choice Home Center (judicial lien)            $4,359.00
 Everhome Mortgage (consensual lien)         144,000.00
 Glenn Ellison (judicial lien)                  2,119.00
 State of Maryland (statutory lien)             9,585.68

Port Republic property:
 *Scheduled Value*          *SDAT Value*
 $440,000.00                $519,550.00 (1/1/03)

 *Liens*
 Choice Home Center (judicial lien)            $4,359.00
 Countrywide Home Loans (consensual lien)    440,000.00
 Glenn Ellison (judicial lien)                  2,119.00
 State of Maryland (statutory lien)             9,585.68

On December 10, 2004, the Debtor filed four motions to avoid liens under 11 U.S.C. § 522(f) (Dkt. Nos. 14-17) against Glenn Ellison and Choice Home Center, Inc. as to each property. In all four motions, the Debtor asserted that the real property had a value of $440,000.00 and that Countrywide Home Loans held a lien totaling $440,000.00. The liens of

Glenn Ellison and Choice Home Center, Inc. were said to impair the Debtor's available exemption of $11,000.00.  On January 11, 2005, orders were entered denying the relief sought as to the proposed avoidance of Choice Home Center, Inc.'s lien without prejudice to re-submission with evidence of the value of the property alleged. (Dkt. Nos. 21, 22).

On January 25, 2005, the Debtor filed four additional motions to avoid liens (Dkt. Nos. 29-32).  Two of the motions (Dkt. Nos. 29-30) again confronted the lien of Choice Home Center, Inc.  These renewed motions disregarded the court's request for evidence as to the value of the parcels and maintained that the lien of Choice Home Center, Inc. impaired the Debtor's $11,000.00 exemption.  The two other motions (Dkt. Nos. 31 and 32) sought to avoid the lien of the State of Maryland for unpaid taxes.  The lien, amounting to $9,585.68 plus interest, costs and fees, was said to be a "judicial lien" impairing an exemption in no stated amount.

Glenn Ellison objected to the proposed avoidance.  (Dkt. No. 20).  On February 10, 2005, the court conducted a hearing on the motion and opposition.  Counsel for the Debtor was directed to submit a memorandum of law to the court.  No memorandum was filed.

## Discussion

Section 522(f)(1)(A) provides:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> > (A) a judicial lien, other than a judicial lien that secures a debt--
> >
> > > (I) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and
> > >
> > > (ii) to the extent that such debt–
> > >
> > > > (I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and
> > > >
> > > > (II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support; or
>
> > > > \*   \*   \*

As to the liens of the State of Maryland, the Debtor described the lien in his motions as "judicial."  The court notes that the lien is designated "statutory" in one of the amended

schedules. No evidence of the lien was provided and the State did not respond. Avoidance under 11 U.S.C. § 522(f)(1)(A) applies to judicial liens. The State's lien is, in all likelihood, not judicial but statutory (see 11 U.S.C. § 101(53)) and, therefore, is not within the scope of avoidance under § 522(f). Accordingly, these motions (Dkt. Nos. 31 and 32) are denied.

With respect to the liens of Glenn Ellison and Choice Home Center, Inc., the court looks to 11 U.S.C. § 522(f)(2)(A) to determine whether there exists an impairment of an available exemption. It is abundantly clear to the court that the Debtor and his counsel have ignored the court's direction on two occasions. Thus, with the limited and inconsistent information provided, the court will address the remaining two liens.

Section 522(f)(2)(A) provides:

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –

(I)   the lien;
(ii)  all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Despite the exemptions actually claimed by the Debtor,[1] § 522(f)(2)(A)(iii) directs the court to look to "the amount of the exemption that the debtor could claim if there were no liens on the property."

What is odd about the proliferation of the motions is that counsel saw fit to file individual motions as to the two properties. In order to consider the issue of avoidance, the court must consider the value of the two properties together because, pursuant to Maryland Rule 2-621, money judgment liens attach to all of the Debtor's interest in land located in the county.

Applying the mathematical calculation of § 522(f)(2)(A) and combining the value of the properties as directed by the Maryland Rules, the court finds that neither the lien of Glenn

---

[1] The Debtor claimed that the Port Republic property was exempt pursuant to 11 U.S.C. § 522(b)(2)(B) in the amount of $44,000.00 and pursuant to Md. Code Ann., Cts. & Jud. Proc. § 11-504(f) in the amount of $100.00. Similarly, the exemption values of the North Beach property totaled $76,000.00 and $100.00, respectively. The court entered an order on February 18, 2005, extending the deadline by which objections to exemptions must be filed for 90 days. No objections have been filed as of this date.

Ellison nor Choice Home Center, Inc. may be avoided as there exists considerable equity in these properties. The liens of Glenn Ellison and Choice Home Center, Inc. do not impair the amount of the exemption that the Debtor <u>could</u> claim if there were no liens on the property.[2] Further, since these individual creditors cannot levy upon or sell the Debtor's interest, no exemption can be impaired. The liens are not avoidable.

        Appropriate orders will be entered.

cc:    Belsky, Weinberg and Horowitz, LLC, 220 North Liberty Street, Baltimore, MD 21201
        Edward Paul Johnson, 5050 Turtle Creek Drive, Port Republic, MD 20676
        Nancy L Spencer Grigsby, P.O. Box 958, Bowie, MD 20718
        Glenn A. Ellison, 3603 6th Street, North Beach, MD 20714
        State of Maryland, Comptroller of the Treasury, 301 W. Preston Street, Baltimore, MD 21201
        Choice Home Center, Inc., 1995 Chaneyville Road, Owings Mills, MD 20736

**End of Memorandum of Decision**

---

[2]

| | |
|---|---:|
| Tax assessed value of Port Republic property | $519,550.00 |
| Lien of Bank of New York (Countrywide Home Loans) | (438,195.20) |
| | $81,354.80 |
| Tax assessed value of North Beach property | $158,970.00 |
| Everhome Mortgage (consensual lien) | (144,000.00) |
| | $14,970.00 |
| Combined equity (less joint debt) | $96,324.80 |
| Statutory lien of the State of Maryland | (9,585.68) |
| Choice Home Center (judicial lien) | (4,359.00) |
| Glenn Ellison (judicial lien) | (2,119.00) |
| Combined available exemption | $80,261.12 |